# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **JANORD DENZELL WASHINGTON,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **CIVIL NO. A-11-CA-407 LY** |
| | § | |
| **RESORT LIFESTYLE COMMUNITIES,** | § | |
| | § | |
| **DEFENDANT.** | § | |

## ORDER

Before the Court are Plaintiff's Motion for Protection and Acceptance, filed November 28, 2011 (Clerk's Dkt. #20); Plaintiff's Motion for Additional Protection, filed November 30, 2011 (Clerk's Dkt. #21); and Defendant's Brief in Response to Plaintiff's Motions, filed December 15, 2011 (Clerk's Dkt. #28).

Plaintiff Janord Denzell Washington ("Washington") filed this action proceeding pro se against Resort Lifestyle Communities. He alleges Defendant discriminated against him in the course of his employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. Plaintiff has now filed two motions seeking "protection and acceptance." Although somewhat unclear, Plaintiff appears to be asking the Court to accept certain documents and enter a Protective Order, protecting all documents filed in this action or produced by either party. He also asks the Court to seal all of his records filed in this action.

Plaintiff does not identify any legal basis for his request that the Court "accept" his documents. Nor has he made any showing that the documents are relevant to any particular motion or pleading on file in this case. *See* Local Court Rules Rule CV-7(b) (describing procedure for filing

documents supporting motions). Accordingly, Plaintiff has presented the Court with no reason to grant his motion for "Acceptance" of documents.

The rules of civil procedure allow the Court to enter a protective order on a showing of "good cause." FED. R. CIV. P. 26(c)(1). The burden to show good cause is on the party requesting protection. *In re Terra Int'l., Inc.*, 134 F.3d 302, 306 (5th Cir. 1998.). The requirement to show good cause "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978).

Plaintiff here has presented nothing more than simply his request for entry of a protective order. As such, he has wholly failed to meet his burden under Rule 26. The undersigned notes, however, Defendant does not oppose entry by the Court of a protective order, and has attached a proposed order as an exhibit to the response to Plaintiff's motions. In pertinent part, the local rules provide an approved protective order which may be entered at the request of any party. *See* Local Court Rules Rule CV-26(c) (Court shall enter protective order in form set out in local rules absent showing of good cause by party opposing entry of order). The undersigned finds entry of the form protective order is likely to satisfy Plaintiff's concerns.

Plaintiff has also requested the Court "seal my records" in this action. He appears to be concerned such records may contain personal information, including Social Security numbers and account information, which should be kept confidential. To the degree Plaintiff is asking the Court to seal the entirety of this case, he has failed to show any necessity for such a step. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 1312 (1978) (public has common law right to inspect and copy judicial records); *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir.

1993) (recognizing historic presumption in favor of public's common law right of access to court records). Should Plaintiff wish to seal a particular portion of the record in this case, he is free to file a motion identifying the document(s) he wishes to be sealed and setting forth the reason(s) necessitating a deviation from the presumption against restricting access to judicial records.

Accordingly, the Court hereby GRANTS in PART and DENIES in PART Plaintiff's Motion for Protection and Acceptance (Clerk's Dkt. #20) and Plaintiff's Motion for Additional Protection (Clerk's Dkt. #21). A protective order will be entered by separate order.

SIGNED this 3rd day of January, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE